IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-cr-00112-DDD

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**BLAIR BRYANT,**

        **Defendant.**

_____

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE
ONE HUNDRED TWENTY (120) DAYS FROM THE SPEEDY TRIAL ACT**
_____

      MR. BLAIR BRYANT, by and through counsel, Timothy P. O'Hara, Assistant Federal Public Defender, respectfully moves this Court for an Order excluding one hundred twenty (120) days from the speedy trial time limitations and vacating the motions deadline (May 18, 2021), Trial Preparation Conference (June 14, 2021), and Jury Trial date (June 21, 2021). The government does not oppose the present Motion.

**I.**    **Procedural Background**

      1.      On April 7, 2021, the government filed a four count Indictment in the District of Colorado, alleging violations of 21 U.S.C. §841(a)(1) and (b)(1)(C),[1] 21 U.S.C. § 846, and 21 U.S.C. § 856(a)(1). *See* Doc. 1. An Arrest Warrant was issued the same day. *See* Doc. 3.

---

[1] Both counts one and three are charged under this statute. Both counts also include an aiding and abetting allegation under 18 U.S.C. § 2.

2. On or about April 22, 2021, Mr. Bryant was arrested. He appeared before the Honorable Magistrate Judge Scott T. Varholak in the District of Colorado for an Initial Appearance on the present charges. *See* Doc. 5. The Court appointed counsel to represent Mr. Bryant at that time. *See id.*

3. On April 23, 2021, undersigned counsel filed a Notice of Appearance. *See* Doc. 9.

4. On April 27, 2021, Mr. Bryant appeared before the Honorable Magistrate Judge Kristen L. Mix. *See* Doc. 10. Undersigned counsel entered a plea of "Not Guilty" on Mr. Bryant's behalf and the Court executed the Discovery Conference Memorandum. *See id.* At that time, Judge Mix released Mr. Byrant on bond with conditions, one being that he reside in a halfway house in Fort Collins, Colorado, and set the matter for a Release on Bond Hearing. *See id.*

5. Also on April 27, 2021, this Honorable Court entered an Order with the following pertinent dates for the case:

   a) Pretrial Motions Deadline: May 18, 2021;
   b) Trial Preparation Conference: June 14, 2021;
   c) Five-day Jury Trial Date: June 21, 2021.

*See* Doc. 12.

6. On April 30, 2021, the government provided initial discovery to undersigned counsel, consisting of:

   a) 641 written pages of police reports, witness interview statements, photos, chain-of-custody related information, inventory sheets, search warrant application information, and a forensic drug analysis report,

   b) four Excel Spreadsheets,

   c) 17 audio/video files with footage totaling more than three hours.

7.      Undersigned counsel has conducted an initial review of the written and audio/video discovery materials tendered by the government.

Speedy Trial Calculation

8.      Twenty-five days have passed since Mr. Bryant appeared on April 22, 2021, not including April 22nd or the date of the present filing. As a result, forty-five days remain on the original 70-day period. The original speedy trial date ("70-day date") is July 1, 2021. An extension of 120 days would move the 70-day date to approximately October 30, 2021.[2]

Justification for an Extension

9.      A summary of the government's alleged evidence[3] is as follows:

In November of 2020, United States Customs and Border Protection Agents seized and searched two suspicious packages addressed to Blair Bryant that were sent from outside the United States[4] to 133 West 2nd Avenue in Denver, Colorado. Inside of each package was a plastic bottle marked "4-Piperidone monohydrate hydrochloride," a substance believed by agents to be a substance that could be used to manufacture fentanyl. In January of 2021, Department of Homeland Security (DHS) Agents began conducting surveillance of the residence. On January 23, 2021, agents obtained the trash outside of the residence believed to be associated with Mr. Bryant. The trash contained, among other things, indicia of residency and syringe packaging.

On February 18, 2021, Special Agent Kevin Vassighi with the Department of Homeland Security sought and obtained a search warrant for the residence at 133 West 2nd Avenue. *See* Doc. 1 in 21-sw-164-NRN. In the early morning hours of February 23, 2021, agents from the Drug Enforcement Agency (DEA), DHS, and Denver Metro SWAT executed the search warrant. Mr. Bryant and another individual were inside the residence at that time. Agents seized numerous objects and suspected contraband. The present charges stem from the recovery of approximately 15.5 total grams[5] of dimethyltryptamine, or DMT, a Schedule One controlled substance, that is considered a hallucinogen similar to LSD. The day of the search warrant execution, agents interrogated Mr. Bryant. At the

---

[2] An exclusion of 120 days from today's date would go until September 15, 2021. Forty-five days after that date would be October 30, 2021.

[3] The factual information presented herein is derived from the police reports tendered by the government in discovery and are by no means admissions by Mr. Bryant about how the events actually transpired.

[4] One package was sent from Slovenia and the other was sent from Australia.

[5] A lab report shows that the substance contained 1.138 grams of "DMT base" and 14.330 grams of DMT.

outset of the interview, Mr. Bryant admitted to using methamphetamine a few hours before.

10. Based on the discovery materials, the charges, and undersigned counsel's experience in defending criminal cases, undersigned counsel has identified four tasks that will be necessary to complete in order to represent Mr. Bryant effectively.

11. First, additional time is required to complete the discovery process, i.e. to obtain and review all discoverable materials, and then to review those materials with Mr. Bryant. The materials initially disclosed by the government are substantial and require a more thorough review than what has been done thus far.

12. The government informed undersigned counsel that additional evidence pertaining to the present charges is outstanding, specifically additional body cam videos from the execution of the search warrant. The parties are working out the terms of a Protective Order that would limit the manner in which the information is shared.

13. Second, undersigned counsel must investigate the allegations contained in the Indictment as well as the evidence that may be considered relevant conduct. In particular, agents spoke with several neighbors in the vicinity of 133 West 2nd Avenue that most likely will need to be interviewed. And since one of the counts involves the manufacture of DMT, additional investigation is required to determine that process and to determine whether the substance located was, in fact, DMT.

14. Third, undersigned counsel must research potential pre-trial motions. Of particular importance to the present case will be researching the admissibility of unrelated/related

conduct under Federal Rule of Evidence 404(b) and the admissibility of Mr. Bryant's post-arrest statements to police.[6]

15. Fourth, undersigned counsel must determine if a jury trial is recommended in the present case. If Mr. Bryant is so inclined, undersigned counsel must prepare for the trial. Preparation for trial is a massive undertaking, requiring the preparation of legal arguments, examinations, and jury instructions, as well as the coordination of witnesses and exhibits. Preparation for trial during a pandemic is even more time consuming.

16. On the other hand, if Mr. Bryant is not interested in trial, undersigned counsel must attempt to negotiate a potential disposition with the government, which includes a negotiation of the relevant facts, law, and sentencing guidelines.

17. The present case is a very serious felony offense in which each count could be punished by up to twenty years of imprisonment.

18. Undersigned counsel contacted the government about the present motion. The government has no objection to an extension as requested herein.

19. Undersigned counsel advised Mr. Bryant of the requested continuance. He also has no objection.

## II. Standard for Continuances

20. Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a

---

[6] A suspect's waiver of Miranda rights must be made "voluntarily, knowingly, and intelligently." *See United States v. Burson*, 531 F.3d 1254, 1256 (10th Cir. 2008). At the crux of the inquiry is whether the suspect "actually [did] understand the significance and consequences of a particular decision . . ." *Id.* at 1257. Mr. Bryant's admission to using drugs during the interview may have made his waiver of Miranda rights involuntary.

speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

21. Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §1361(h)(7)(B)(Westlaw 2014). *See also*, *United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

22. In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See id.* No single factor is determinative. *See id.*

23. The decision to grant an "ends of justice" continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard. *See Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a

continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1345 (2010).

**III.   Argument**

24. This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, undersigned counsel requests that this Court continue the trial, vacate current deadlines, and exclude 120 days from the speedy trial calculations.

25. Mr. Bryant is not requesting a finding of complexity under subsections (h)(7)(B)(ii) or (iii), but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation." 18 U.S.C. §3161(h)(7)(B)(iv).

26. Undersigned counsel requires 120 days to coordinate the disclosure of outstanding discovery materials with the government, review the discovery materials with Mr. Bryant, conduct necessary pre-trial investigation, research the aforementioned legal issues, and prepare appropriate pre-trial motions, as well as prepare for trial or negotiate a favorable disposition with the government on Mr. Bryant's behalf.

27. Neither Mr. Bryant nor the government object to the requested continuance.

28. The failure to grant the requested continuance in the present case would

result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

29. Finally, a continuance for 120 days would not offend the standard set forth by the Tenth Circuit in the *West* decision.

30. Undersigned counsel has, and will continue to, diligently pursue the defense of this case. However, the nature and facts of the case are such that no amount of diligent work can insure effective assistance of counsel prior to the motions deadline nor prior to the trial date as contemplated by the current speedy trial time-frame. Undersigned counsel has represented Mr. Bryant for less than 30 days – more time is appropriate to ensure that he receives effective representation in a case of this magnitude.

31. Undersigned counsel believes that the requested extension would serve the requested purpose and allow for the completion of discovery as well as the necessary preparation for motions and trial.

32. The present request is undersigned counsel's first request for additional time under the Speedy Trial Act.

WHEREFORE, undersigned counsel respectfully requests that this Court issue an Order excluding 120 days from the speedy trial time limitations, vacating current deadlines and the trial date, and setting a new trial date in October of 2021.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ *Timothy P. O'Hara*
TIMOTHY P. O'HARA
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Timothy_OHara@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2021, I electronically filed the foregoing

## DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE
## ONE HUNDRED TWENTY (120) DAYS FROM THE SPEEDY TRIAL ACT

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Andrea Surratt
    Assistant United States Attorney
    Email: Andrea.Surratt@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Mr. Blair Bryant (U.S. Mail)

    s/ *Timothy P. O'Hara*
    TIMOTHY P. O'HARA
    Assistant Federal Public Defender
    633 Seventeenth Street, Suite 1000
    Denver, Colorado  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Timothy_OHara@fd.org
    Attorney for Defendant