IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Criminal Action No. 1:21-cr-00112-DDD-1

UNITED STATES OF AMERICA,

　　　Plaintiff,

v.

BLAIR BRYANT,

　　　Defendant.

---

## ORDER GRANTING MOTION TO CONTINUE

---

Before the Court is Defendant's unopposed motion to continue the trial date in this case by one hundred twenty days, and to exclude that period of delay when computing the time within which his trial must commence under the Speedy Trial Act. (Doc. 17.) For the following reasons, the Court finds that the requested continuance is warranted, and that the ends of justice served by granting the continuance outweigh the best interests of the public and Defendant in a speedy trial. Accordingly, Defendant's motion is granted.

## PROCEDURAL HISTORY

On April 7, 2021, Defendant was charged by indictment with four counts relating to the manufacture, possession, and distribution of N,N-Dimethyltryptamine ("DMT") in violation of the Controlled Substances Act, 21 U.S.C. §§ 801-971. (Doc. 1.) On April 22, 2021, Defendant was arrested and had his initial appearance in this court. On April 27, 2021, Defendant entered a plea of not guilty at his arraignment, making

- 1 -

July 1, 2021 the deadline for his trial to commence under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1).

On April 27, 2021, the Court entered an order setting trial to commence on June 21, 2021. (Doc. 12.) On May 18, 2021, Defendant filed the motion to continue currently before the Court. (Doc. 17.) The government does not oppose the requested continuance. (*Id.* at 1, ¶¶ 18, 27.)

## APPLICABLE LAW

When evaluating a request to continue a trial, the Court considers the following factors: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the Court resulting from the continuance; and (4) the need asserted for the continuance and the harm that the party requesting it might suffer if the continuance is denied. *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). No single factor is determinative, and the weight given to any one factor may vary depending on the extent of the showing on the others. *Id.* However, "by far the most important factor to consider" is the requesting party's need for a continuance and the prejudice resulting from its denial. *Id.* at 1471.

When a request for continuance implicates Speedy Trial Act requirements, the Court may exclude from the statutory time period within which the Defendant's trial must commence "[a]ny period of delay resulting from a continuance granted . . . on the basis of [the Court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In order to exclude the period resulting from such a continuance, the Court must set forth in the record its reasons for finding

that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial, considering the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

> . . . .

> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(A)-(B); *see also United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009).

## DISCUSSION

Defendant requests a continuance for the following reasons: (1) counsel requires more time to review and analyze the discovery disclosed by the government to date (consisting of 641 pages of police reports and related documentation, four Excel spreadsheets, and seventeen audio/video files totaling more than three hours of footage), and to obtain and review additional discovery from the government (including body cam footage); (2) counsel requires more time to investigate the allegations against Defendant, including interviewing witnesses and

analyzing whether the substance seized from Defendant's residence was in fact DMT; (3) counsel requires more time to research potential pretrial motions, in particular the admissibility of certain conduct by the Defendant and Defendant's statements to police; (4) counsel requires more time to confer with Defendant and the government regarding a potential plea agreement; and (5) counsel requires more time to prepare for a jury trial in the event a plea agreement is not reached. (Doc. 17 ¶¶ 6-7, 9-16, 24-31.)

The Court finds that the *West* factors weigh in favor of granting the requested continuance. Nothing in the record suggests that Defendant and his counsel have not been diligent in preparing for trial. It also appears likely that the continuance, if granted, would accomplish Defendant's stated purpose of allowing adequate time to obtain and review discovery, conduct further factual investigation, conduct legal research, engage in plea discussions with the government, and prepare for a jury trial if necessary. The government does not oppose the requested continuance, and the continuance will not cause any significant inconvenience to the Court. And Defendant might be significantly prejudiced if the continuance is denied, as he may be unable to effectively prepare for trial, or to knowingly and intelligently engage in plea discussions, without adequate time to conduct investigation and research relevant to the case.

The Court further finds that the Speedy Trial Act factors weigh in favor of a finding that the ends of justice served by granting the requested continuance outweigh the best interests of the public and Defendant in a speedy trial. It is in the Defendant's best interest to have sufficient time to complete necessary pretrial tasks and discuss his case with his attorney. Without the requested continuance, the defense will be unable to effectively prepare the case, file appropriate motions, or engage in plea discussions. A limited ends-of-justice continuance will not

subvert the public's or Defendant's interest in the prompt prosecution of this case.

Accordingly, based on the relevant record considered as a whole, the Court FINDS that:

Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c)(1) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

Even taking into account the exercise of due diligence, failure to grant the requested continuance would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

The ends of justice served by granting the requested continuance outweigh the best interest of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A); and

One hundred twenty days should be excluded from the computation of the speedy trial time.

For the foregoing reasons,[1] it is ORDERED that:

Defendant's Unopposed Motion to Exclude One Hundred Twenty (120) Days from the Speedy Trial Act (Doc. 17) is GRANTED;

---

[1]   As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of its calendar or lack of diligent preparation by the government's counsel.

One hundred twenty days will be excluded from the computation of the Speedy Trial Act time. The Speedy Trial Act deadline, previously July 1, 2021, is RESET to October 29, 2021;[2]

The five-day jury trial set for June 21, 2021 at 9:00 a.m. is VACATED and RESET to commence at **9:00 a.m.** on **October 25, 2021** in Courtroom A1002 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294. Counsel and pro se parties must be present at 8:30 a.m. on the first day of trial;

The Trial Preparation Conference set for June 14, 2021 at 2:30 p.m. is VACATED and RESET to **1:30 p.m.** on **October 21, 2021** in Courtroom A1002; and

The pretrial motions deadline is extended to **September 15, 2021**, responses to those motions must be filed no later than **September 22, 2021**, and no replies are permitted without prior leave of the Court. The deadlines for disclosing and challenging expert witnesses, filing any notice of disposition, filing and responding to motions *in limine*, filing proposed jury instructions and verdict forms, filing trial briefs, filing witness and exhibit lists, and filing proposed *voir dire*

---

[2]   This deadline includes only those days tolled as a result of the ends-of-justice continuances ordered by the Court to date pursuant to 18 U.S.C. § 3161(h)(7) and does not include any additional period of delay that may be excluded from the Speedy Trial Act time pursuant to any other subsection of 18 U.S.C. § 3161(h), *e.g.*, due to the filing of a pretrial motion.

questions remain as stated in the Court's Order Setting Trial Date and Related Deadlines (Doc. 12).

DATED: June 10, 2021                    BY THE COURT:

_____
Hon. Daniel D. Domenico
United States District Judge