IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00112-DDD

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**BLAIR BRYANT,**

        **Defendant.**

## DEFENDANT'S PLEA OF GUILTY AND STATEMENT OF FACTS RELEVANT TO SENTENCING (WITHOUT PLEA AGREEMENT)

Defendant, BLAIR BRYANT, personally and by counsel, Assistant Federal Public Defender Timothy P. O'Hara, submits this Plea of Guilty and Statement of Facts Relevant to Sentencing:

### I. PLEA OF GUILTY

The Defendant intends to plead guilty to the Indictment [Doc. 1] which charges him with violations of:

1) 21 U.S.C. §841(a)(1) and (b)(1)(C) (Manufacture of N,N-Dimethyltryptamine ("DMT") and 18 U.S.C. §2 (Aiding and Abetting);

2) 21 U.S.C. §846 (Conspiracy to Manufacture N,N-Dimethyltrypatime ("DMT");

3) 21 U.S.C. §841(a)(1) and (b)(1)(C) (Possession with Intent to Distribute N,N-Dimethyltryptamine ("DMT") and 18 U.S.C. § (Aiding and Abetting); and

4) 21 U.S.C. §856(a)(1) (Maintaining a Place for the Purpose of Manufacturing, Distributing, and Using N,N-Dimethyltryptamine ("DMT").

Court's Exhibit 1

Mr. Bryant intends to plead guilty to all charges **without a plea agreement**. Mr. Bryant also intends to admit the forfeiture allegation.

## II. ELEMENTS OF THE OFFENSE

Mr. Bryant submits that the elements of the aforementioned offenses are as follows:

**Count One:**
1. Mr. Bryant knowingly and intentionally manufactured[1] a controlled substance; and
2. The substance was N,N-Dimethyltryptamine ("DMT" or "dimethyltryptamine"), a Schedule I controlled substance.

**Count Two:**
1. Mr. Bryant and at least one other person agreed to violate the federal drug laws;
2. Mr. Bryant knew the essential objective of the conspiracy;
3. Mr. Bryant knowingly and voluntarily involved himself in the conspiracy; and
4. there was interdependence among the members of the conspiracy.

**Count Three:**
1. Mr. Bryant knowingly and intentionally possessed a controlled substance;
2. the substance was N,N-Dimethyltryptamine ("DMT"); and
3. the defendant possessed the substance with the intent to distribute it.[2]

**Count Four:**
1. Mr. Bryant knowingly opened, leased, used, or maintained a place for the purpose of[3] manufacturing, distributing, or using a controlled substance; and
2. Mr. Bryant knew the place was used for such a purpose.

**The United States advises that it agrees ( x ), disagrees ( ), or takes no position ( ). [Check or provide appropriate response].**

---

[1] In Count 1 of the Indictment, the government has alleged that Mr. Bryant is guilty as a principal and as an Aider and Abettor in violation of 18 U.S.C. §2. Aiding and abetting is not an independent crime: 18 U.S.C. § 2 merely abolishes the common-law distinction between principal and accessory. *See United States v. Edwards*, 782 F.3d 554, 563 (10th Cir. 2015) (citing *United States v. Cook*, 745 F.2d 1311, 1315 (10th Cir. 1984)).

[2] In Count 3 of the Indictment, the government also has alleged that Mr. Bryant is guilty as a principal and as an Aider and Abettor in violation of 18 U.S.C. §2.

[3] The purpose of manufacturing a controlled substance need not be the sole purpose for which the place in question is used. *See United States v. Verners*, 53 F.3d 291, 296 (10th Cir. 1995).

### III. STATUTORY PENALTIES

The maximum statutory penalty for each of Counts One, Two, and Three is not more than 20 years imprisonment; not more than a $1,000,000 fine, or both; not less than three years of supervised release; a $100 special assessment fee (for each count); and restitution of N/A. The maximum statutory penalty for Count Four is not more than 20 years imprisonment; not more than a $500,000 fine, or both; not more than three years of supervised release; a $100 special assessment fee; and restitution of N/A.

A violation of the conditions of probation or supervised release may result in a separate prison sentence and additional supervision.

**The United States advises that it agrees ( x ), disagrees ( ), or takes no position ( ). [Check or provide appropriate response].**

### IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

### V. FACTUAL BASIS TO SUPPORT THE PLEA OF GUILTY

Mr. Bryant admits to the following:

On or about February 23, 2021, law enforcement officers executed a search warrant at a home at 133 W 2nd Ave, Denver, Colorado. The defendant, BLAIR BRYANT resided at the location and was present when law enforcement officers arrived.

While searching the home, officers located three containers containing the following amounts of dimethyltryptamine ("DMT"):

Container 1: 1.138 grams of DMT (base) and 14.330 grams of DMT (liquid);

Container 2: 49.5452 grams of DMT (liquid); and

Container 3: 30.776 grams of DMT (liquid).

3

The total amount of DMT recovered was 95.789. The purity of the substance is unknown.

Following his arrest, Mr. Bryant admitted to helping another individual manufacture DMT at his home. This individual was also present at Mr. Bryant's residence when law enforcement officers arrived. At the time of his arrest, Mr. Bryant and the other individual were in possession of the DMT found inside of the residence. This other individual intended to sell the DMT once they finished making it. Mr. Bryant knowingly maintained the home located at 133 W 2nd Ave, Denver, CO for the purpose of manufacturing, distributing, or using DMT, including on or about February 23, 2021, in violation of 21 U.S.C. §856.

**The United States advises that it agrees ( x ), disagrees ( ), or takes no position ( ). [Check or provide appropriate response].**

## VI. SENTENCING COMPUTATION

Defendant understands that sentencing is determined pursuant to 18 U.S.C. § 3553(a). In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, Mr. Bryant sets forth below his estimate of the advisory guideline range called for by the United States Sentencing Guidelines.

Mr. Bryant estimates the calculation for the advisory guidelines as follows:

A.  The applicable guideline is §2D1.1, with a base offense level of 12.[4]

B.  All counts of conviction group for purposes of sentencing. *See* U.S.S.G. §3D1.2(d).

---

[4] One gram of DMT = 80 grams of Converted Drug Weight. Therefore, 95.789 grams of DMT = 7,661.3 grams (7.6613 kg) of Converted Drug Weight.

4

  C. Since Mr. Bryant maintained a premises for the purpose of manufacturing DMT, an additional two offense levels are added. *See* §2D1.1(b)(12).

  D. Since Mr. Bryant meets the criteria for safety valve under the new definition of 18 U.S.C. §3553(f), the guideline range should be reduced by two levels.[5]

  E. Since Mr. Bryant has timely plead guilty, he should receive full credit for acceptance of responsibility, i.e. a reduction of two offense levels. *See* U.S.S.G. §3E1.1(a).[6]

  E. The adjusted offense level would be 12.

  F. Defendant's criminal history category is estimated as Category II.

  G. The Career Offender guideline does not apply.

  H. The advisory guideline range of imprisonment resulting from an offense level of 10 and a criminal history category of II is 8-14 months. In order to be as accurate as possible, with the criminal history category undetermined at this time, the range could conceivably extend from as low as 6 months (bottom of Category I) to as high as 30 months (top of Category VI).

  I. Pursuant to guideline § 5E1.2, the fine range for this offense would be $4,000 to $40,000, plus applicable interest and penalties.

  J. Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term must be at least three years.

**The United States advises that it agrees ( ), disagrees ( x ), or takes no position ( ). [Check or provide appropriate response].**

---

[5] The current version of USSG §5C1.2 does not reflect the new definition for safety valve as defined in 18 U.S.C. §3553(f), which allows an individual with up to four criminal history points (excluding one point offenses) to be eligible for safety valve. Mr. Bryant qualifies under the current statutory definition but not under the current guideline definition. Should the Commission fail to enact a concomitant version of the safety valve provision by the time of Mr. Bryant's Sentencing Hearing, undersigned counsel will ask for a variant sentence on this basis.

[6] Should the total offense level exceed 16, Mr. Bryant should receive an extra level off pursuant to U.S.S.G. §3E1.1(b).

Mr. Bryant understands that although the Court will consider the above estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by any estimate calculated herein, regardless of whether agreed to by the government.

No estimate regarding the guideline range precludes Mr. Bryant or the government from asking the Court, within the overall context of the guidelines, to depart from the guideline range at sentencing if defendant or the government believes a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate regarding the guideline range precludes Mr. Bryant or the government from asking the Court to vary from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

Mr. Bryant understands the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose a sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range - up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party.

Date: 1/6/22

x _____
Mr. Blair Bryant
Defendant

Date: 1/6/22

_____
Mr. Timothy P. O'Hara
Attorney for Defendant

**As to matters agreed to by the United States:**

Date: 1/6/22

_____
Ms. Andrea Surratt
Assistant U.S. Attorney